**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 23 B 13666 |
| | ) | |
| RIVA GILLIN, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| BRYN GLEASON, | ) | Adversary No. 24 A 00006 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RIVA GILLIN, | ) | Judge David D. Cleary |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM ORDER**

Plaintiff Bryn Gleason ("Gleason" or "Plaintiff") filed a complaint ("Complaint") against Defendant Riva Gillin ("Gillin" or "Defendant"), seeking a finding that the Defendant's debt to her is nondischargeable under 11 U.S.C. § 523(a)(6). Defendant filed a motion to dismiss ("Motion to Dismiss") the Complaint.  The Plaintiff filed a response in opposition to the Motion to Dismiss ("Response").  The court then took the Motion to Dismiss under advisement.

Having reviewed the Complaint and the papers submitted, the court will deny the Motion to Dismiss.

### I.      JURISDICTION

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district court's Internal Operating Procedure 15(a).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(J). Venue is proper under 28 U.S.C. § 1409(a).

## II.     BACKGROUND

In resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court considers well-pleaded facts and the reasonable inferences drawn from them in the light most favorable to the plaintiff.  *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).  Every allegation that is well-pleaded by a plaintiff is taken as true in ruling on the motion.  *See Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289-90 (7th Cir. 2016).

Federal Rule of Civil Procedure 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  When an exhibit is attached to the complaint, it becomes a part of it for all purposes, and the court may consider it in deciding a motion to dismiss.  *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *see also In re Vaccaro,* No. 09 B 08674, 2010 WL 4053914, at *1 (Bankr. N.D. Ill. Oct. 14, 2010).

Plaintiff and Defendant were intimate partners and shared a common dwelling.  (Complaint, Ex. 4, ¶ 1).  Plaintiff left the shared residence on June 18, 2022, after the relationship ended. (*Id.*).  Plaintiff worked as a full-time freelance artist, and she stored her artwork in the shared apartment.  (*Id.*).  Plaintiff left her artwork in the shared apartment when she moved out on June 8, 2022, intending to remove her artwork when she completed her move.  (*Id.*).  On June 30, 2022, Defendant sent Plaintiff and others a video of himself taking pills and drinking whiskey in their shared apartment, along with a text message stating "… cremate me … and spread my ashes …" (*Id.*, ¶2).  The video prompted calls to 911.  (*Id.*).  A neighbor used a key to enter the apartment along with paramedics.  (*Id.*).  Defendant was found alone in the apartment with the artwork stacked in front of the entrance doors and on the floor near the entrance; some of the pieces of artwork were visibly damaged.  (*Id.*, ¶ 5).

On July 22, 2022, the Circuit Court of Cook County entered a plenary order of protection in favor of Plaintiff and against Debtor. (Complaint, ¶ 6). The order of protection prohibited Defendant from contact with Plaintiff. (*Id.*, ¶ 7). On August 3, 2022, plaintiff filed a motion pursuant to Illinois Domestic Violence Act, ("IDVA") 750 ILCS 60/214 (b)(13) seeking to modify the plenary order of protection to include compensation for personal property intentionally destroyed by the debtor." (*Id.*, ¶ 8). Plaintiff had alleged that Defendant destroyed her artwork. (*Id.*). Plaintiff's artwork is her sole means of income as a freelance artist. (*Id.*).

On August 29, 2023, the Circuit Court of Cook County entered an order amending the order of protection and entered a judgment against debtor in the amount of $5,735 for loss of income and materials used in the damaged artwork. (*Id.*, ¶ 10). The Circuit Court of Cook County found that Defendant's conduct had violated IDVA and intentionally damaged Plaintiff's artwork. (*Id.*, ¶ 11). The Circuit Court also found that, as a direct result of Defendant's conduct, Plaintiff had sustained losses, suffered loss of income in the amount of $5,000, and suffered actual losses in the amount of $735 for reimbursement of the cost of materials used to create the artwork. (*Id.*)

As the Circuit Court noted in its order (the "Circuit Court Order"), Plaintiff claimed that, though the video may have been a cry for help, Defendant had staged the attempted suicide to harm and manipulate Plaintiff. (Complaint, Ex. 4, ¶¶ 3, 7). Defendant admitted to sending the video, but denied that the video was sent to harm the Plaintiff. (*Id.*, ¶ 4). Defendant denied placing Plaintiff's artwork on the floor, stacking the artwork in front of the apartment doors, or otherwise damaging the artwork, but the Circuit Court found that this testimony was not credible. (*Id.*)

Defendant filed for relief under chapter 7 of the Bankruptcy Code on October 12, 2023. (Case No. 23 B 13666, EOD 1). Plaintiff filed this adversary proceeding on January 5, 2024. (Adv. No. 24 A 6, EOD 1).

### III.    LEGAL DISCUSSION

To defeat a motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7012, a complaint must describe the claim in enough detail to give notice to the defendant. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, the complaint must be "plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2) (made applicable to adversary proceedings by Fed. R. Bankr. P. 7008), unless the subject matter of that pleading implicates a heightened standard, *see* Fed. R. Civ. P. 9.

The pleading standard under Federal Rule of Civil Procedure 8(a)(2) "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678. A pleading "will not do" if it offers only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Id.* (citations omitted). But malice, intent, knowledge, and other conditions of a person's mind, however, may be alleged "generally" under Federal Rule of Civil Procedure 9(b). *Kahn v. Walmart Inc.*, 107 F.4th 585 (7th Cir. 2024).

4

**A. Section 523(a)(6):** *Willful and Malicious Injury*

Plaintiff asserts that Defendant's conduct caused a willful and malicious injury to her, and that his debt to Plaintiff is therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(6):

> (a) A discharge under section 727, 1141, 11921 1228(a), 1228(b), or 1328(b)of this title does not discharge an individual debtor from any debt—
>
> > (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

To plead a claim for relief under 523(a)(6), Plaintiff must plausibly allege three elements: "(1) that the debtor intended to and caused an injury; (2) that the debtor's actions were willful; and (3) that the debtor's actions were malicious." *In re Meier*, No. 14-AP-00403, 2016 WL 5942309, at *15 (Bankr. N.D. Ill. Oct. 11, 2016); *see also First Weber Grp., Inc. v. Horsfall* 738 F.3d 767, 774 (7th Cir. 2013)("Bankruptcy courts in this circuit have focused on three points: (1) an injury caused by the debtor (2) willfully and (3) maliciously"). First, injury is a violation of another's legal right, for which the law provides a remedy. *First Weber Grp., Inc. v. Horsfall*, 738 F.3d at 774. The injury need not have been suffered directly by the creditor asserting the claim, but the creditor's claim must derive from the injury. *Id.* Second, willfulness requires "not merely a deliberate or intentional *act* that leads to injury," but "a deliberate or intentional injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original). Willfulness can also be found where the debtor's act was substantially certain to result in injury. *First Weber Grp., Inc. v. Horsfall*, 738 F.3d at 774. Finally, maliciousness requires that the debtor acted "in conscious disregard of [his] duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *Id.* at 774–75 (citation omitted).

**B. The elements of a claim for relief under 11 U.S.C. § 523(a)(6) have been pleaded in the Complaint**

5

Plaintiff's Complaint pleads a cause of action based on factual allegations and details of the procedural history and findings of the Cook County Circuit Court case, including incorporation of the Circuit Court Order upon which her claim relies.  The Complaint contains factual allegations allowing the court to reasonably infer that the Defendant is liable for the misconduct alleged.  Plaintiff pleaded that Defendant intended to and did cause her injury.  The Plaintiff alleges, and the Circuit Court found, that Plaintiff's artwork was damaged, and that Plaintiff incurred a loss of $5,000 in income and $735 in actual losses as a direct result of Defendant's conduct.  Plaintiff pleaded that Defendant caused the injury willfully.  Plaintiff alleges, and the Circuit Court found, that Defendant not only intended the actions causing the injury, but intended the injury itself when he intentionally damaged Plaintiff's artwork.

Finally, Plaintiff pleaded that Defendant's actions were malicious.  Plaintiff states in the Complaint that "Defendant's actions were taken without justification and with malice," describing Defendant's motives as a "combination of a desire to subjugate [P]laintiff to him by depriving her of a means to support herself and revenge for her taking steps to protect herself." (Complaint, ¶ 19).  While these statements are more conclusory than factual, a state of mind such as malice may be alleged generally.

## IV.    CONCLUSION

For the reasons stated above, the court will enter an order denying Defendant's Motion to Dismiss.

Date:   September 30, 2024

_____
DAVID D. CLEARY
United States Bankruptcy Judge

6